IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| RUBEN CONTRERAS, § § **Plaintiff,** § § v. § § FOSTER ELECTRIC (U.S.A.), INC. § FOSTER ELECTRIC AMERICA AND § JOSE RANGEL. § § **Defendants.** § | Case No. 3:21-cv-00120 |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Foster Electric (U.S.A.), Inc., Foster Electric America, and Jose Rangel (Defendants) hereby remove this action from the 205th District Court, El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division.

### STATE COURT LAWSUIT

1. This case involves a Texas citizen and resident, Plaintiff Ruben Contreras, who was allegedly injured at a Foster Electric location in El Paso, Texas. On 04-27-21, Plaintiff filed suit against Defendants in the 205th District Court, El Paso County, Texas, Cause No. 2021DCV1388.

2. Defendants are Foster Electric (U.S.A.), Inc., Foster Electric America (collectively, "Foster"), and Jose Rangel. Defendants contend that Rangel was improperly joined. Rangel is an individual who resides in El Paso, Texas and is an employee of Foster. Foster Electric America is an assumed name of Foster Electric (U.S.A.), Inc., and is not a separate entity from Foster Electric (U.S.A.), Inc. *See* **Exhibit B,** Affidavit.

3. Defendants now remove this case to this Court based on diversity jurisdiction. The citizenship of Jose Rangel should be disregarded for diversity purposes because he has been improperly joined to this lawsuit.

## GROUNDS FOR REMOVAL

4. Removal in this action is proper and timely pursuant to 28 U.S.C. § 1441 and 28 U.S.C. §1446 because the properly joined parties are diverse. Defendant Jose Rangel has been improperly joined and should be disregarded in determining whether diversity of citizenship exists. *See Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). There is no reasonable basis for the Court to predict that the Plaintiff might recover against Rangel.

5. Improper joinder is established by the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* A party is improperly joined when there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Id.* A defendant must only demonstrate that there is no reasonable basis for predicting the plaintiff will recover in state court, not that there is an absence of any possibility of recovery. *See Travis v. Irby*, 326 F.3d 644, 647 5th Cir. 2003).

6. In determining whether there is a reasonable basis to predict that a plaintiff might recover against a non-diverse defendant under state law, a court conducts a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.

7. In situations in which a company employee played no personal or active role in creating the allegedly dangerous condition at issue, no recovery is possible, and the employee is to be disregarded for purposes of diversity jurisdiction. *Champion v. Wal-Mart Stores of Tex., LLC,* 2026 U.S. Dist. LEXIS 38492 (W.D. Tex. 2016). There have been no allegations, and the

facts do not support, that Rangel owed Plaintiff any independent duty of reasonable care apart from any duties owed by his employer, Foster. As such, there is no reasonable possibility of recovery against him as an employee of Foster. *See Chon Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005); *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Joinder of Rangel is simply for the purpose of defeating diversity jurisdiction, and there is no basis in Texas law for his joinder. *See In re Butt*, 495 S.W.3d 455, 467 (Tex. App.—Corpus Christi 2016, no pet.) (liability in a slip and fall case could not be imposed on corporate officers of H.E.B. grocery store because the corporate officers owed no independent premises duties to the plaintiff).

8. In this case, Plaintiff alleges that he suffered an injury when he slipped and fell on ice on a loading dock at the time of February's state-wide winter storm. *See* **Exhibit A,** Pl.'s Orig. Pet. at 2. In Texas, when an injury occurs on a premises, two possible theories of liability potentially arise against the premises owner and/or occupier—negligent activity and premises liability. *Peters v. Corona*, 2018 U.S. Dist. LEXIS 195248 (N.D. Tex. 2018). Negligent activity encompasses a malfeasance theory based on affirmative contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014). However, it is clear that when an alleged injury is caused by a condition created by some activity rather than by the activity itself, a plaintiff is limited to a premises defect theory of liability. *See Id.* at 197 (concluding that a plaintiff "cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury"). Nowhere in Plaintiff's pleading is there a suggestion that affirmative contemporaneous conduct caused Plaintiff's injury. Plaintiff contends that the ice represents an "unreasonably dangerous condition" that caused Plaintiff's harm. As a result, Plaintiff's sole basis for recovery in this case is through a premises liability theory.

9. In slip and fall cases, employees of the premises owner are not proper parties because employees and officers do not owe independent duties to the Plaintiff. In *Vasquez*, an El Paso Division case, the Plaintiff sued Wal-Mart following a slip and fall, as well as the store manager. *Vasquez v. Valencia*, 2007 U.S. Dist. LEXIS 104612 (W.D. Tex. 2007). Plaintiff's Petition alleged theories of premises liability, negligent training, and negligent supervision. *Id.* at *10. The Court found that the duties alleged by Plaintiff were all duties already owed by Wal-Mart. Absent any independent duty owed by the store manager, there could be no breach of a duty by the store manager and thus no resulting individual liability. *Id.* at *15. The store manager's citizenship was disregarded for purposes of diversity jurisdiction, and remand was not appropriate. *Id.* at *16.

10. The same unfortunate Wal-Mart store manager was again improperly joined in *Jimenez*. *Jimenez v. Wal-Mart Stores Tex., LLC*, 2013 U.S. Dist. LEXIS 201517 (W.D. Tex. 2013). In *Jimenez*, the plaintiff stepped into a hole concealed by a floor mat. *Id.* at *6. Plaintiff sued a Wal-Mart entity and the store manager, claiming that the store manager created the hazardous condition, failed to warn, failed to divert traffic, and failed to exercise supervisory control, among other theories. *Id.* at *7. The Court concluded that "several federal district courts," including the Western District, "have determined that a plaintiff may not maintain a negligence claim under Texas law against an individual employee acting in the course and scope of his employment for injuries caused by a dangerous condition existing on the employer's premises without also establishing that the employee owed a duty to the plaintiff independent of the employer's duty to use reasonable care in keeping its premises safe." *Id*. at *11 (citing *Sanchez v. Wal-Mart Stores, Inc.* 2007 U.S. Dist. LEXIS 104610 (W.D. Tex. 2007); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 838 (E.D. Tex. 2008); *Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564, 567 (S.D. Tex. 1999)). Although there were many allegations that the manager "owed" a duty of care

independent from the employer, this was not the case, as all of the alleged breaches concerned conditions existing on the employer's premises or derived from the manager's status as the general manager of the store. *Id.* at *12. The manager was considered improperly joined because Texas law simply does not allow for the maintenance of a negligence claim against an individual employee acting in the course and scope of his employment for injuries caused by a dangerous condition existing on the employer's premises, unless the employee was directly involved in creating the condition. *Id.* at *16; *See also Champion v. Wal-Mart Stores of Tex., LLC,* 2026 U.S. Dist. LEXIS 38492 (W.D. Tex. 2016).

11. Other jurisdictions have held similarly. This case is nearly identical to a recent case in the Northern District of Texas. In *Peters*, Plaintiff brought suit in state court against Macy's and two Macy's employees following a slip and fall in the department store. *Peters v. Corona*, 2018 U.S. Dist. LEXIS 195248 (N.D. Tex. 2018). Plaintiff asserted causes of action in negligence and premises liability. Just like the instant Petition, the plaintiffs in *Peters* made undifferentiated allegations between the employees and Macy's. There are absolutely no specific allegations in the instant Petition regarding Defendant Rangel's individual actions. The allegations against in the improperly joined defendants in *Peters* were more specific than the allegations in the Plaintiff's Petition here, alleging that one of the employees was "responsible for cleaning, maintaining and/or repairing and servicing" the apparatus that the Plaintiff tripped on. *Id.* at *9. However, because those allegations did not relate to an independent duty of the employees apart from Macy's, the allegations were still not sufficient to constitute proper joinder of the employees. Likewise here. There are no allegations that give rise to Rangel owing an independent duty to Plaintiff. He should be disregarded for purposes of diversity jurisdiction.

12. <u>Minimal Diversity Requirement</u>.  As alleged in the State Petition, attached hereto, this action is between citizens of different states.  Plaintiff is an adult citizen and resident of Texas. **Exhibit A,** Plaintiff's Original Petition. Foster is a citizen of a foreign state.  Specifically, Foster is an Illinois corporation with its principal place of business at 1000 E. State Parkway, Ste. G, Schaumburg, IL 60173.  **Exhibit B,** Affidavit. Consequently, complete diversity exists because Plaintiff is a citizen of Texas, and Foster is a citizen of Illinois. As discussed above, Rangel should be disregarded for purposes of diversity because he has been improperly joined to this case.

13. <u>Amount in Controversy Requirement</u>.  The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.  Plaintiff seeks "monetary relief in an amount over $1,000,000.00."  **Exhibit A** at 4.

## PROCEDURAL REQUIREMENTS

14. <u>Timeliness of Removal</u>.  This Notice of Removal is timely because it is being filed within 30 days of Foster receiving, through service or otherwise, a copy of the Plaintiff's Original Petition.  28 U.S.C. § 1446(b)(1).  Foster was served on 05-05-21. Rangel was served on 05-04-21.

15. <u>Removal to Proper Court</u>.  This Court is the appropriate court to which this action must be removed because it is part of the district and division within which this action is pending, namely, El Paso County, Texas.  28 U.S.C. §§ 1441(a), 1446(a).

16. <u>Filing and Service</u>.  As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be contemporaneously filed in the 205th Judicial District Court and served on all counsel of record.

17. <u>Pleadings and Process</u>.  Neither Foster nor Rangel have been served with any process, pleadings, or orders in this action other than the Citation and Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(a).

18. <u>Required Documents.</u> Pursuant to 28 U.S.C. § 1446(a), the following documents are attached:

Exhibit C: An index of documents filed in the State Court action;

Exhibit D: A copy of the docket sheet in the State Court action;

Exhibit E: A copy of each document filed in the State Court action.

Respectfully submitted,

**WATSON, CARAWAY,
MIDKIFF & LUNINGHAM, LLP**

*/s/ James W. Watson*
James W. Watson
State Bar No. 20943100
jwatson@watsoncaraway.com
Ryan Trammell
State Bar No. 24085877
rtrammell@watsoncaraway.com
The Fort Worth Club Building
306 W. 7th Street, Suite 200
Fort Worth, Texas 76102
817/870-1717
817/338-4842 (FAX)
**ATTORNEYS FOR DEFENDANTS
FOSTER ELECTRIC (U.S.A.), INC. AND
JOSE RANGEL**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies on this   27th   day of May, 2021, that a true and correct copy of the foregoing document was served via e-mail on all parties in accordance with the Federal Rules of Civil Procedure.

*/s/ James W. Watson*
James W. Watson