IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| RUBEN CONTRERAS,       § | |
|     Plaintiff,       § | |
| § | |
| v.       § | EP-21-CV-120-DB |
| § | |
| FOSTER ELECTRIC (U.S.A.), INC. and  § | |
| FOSTER ELECTRIC AMERICA,       § | |
|     Defendants.       § | |

## MEMORANDUM OPINION AND ORDER ON DEFENDANTS FOSTER ELECTRIC (U.S.A.), INC. AND FOSTER ELECTRIC AMERICA'S MOTION TO DISMISS

On this day, the Court considered Defendants Foster Electric (U.S.A.), Inc. and Foster Electric America's (collectively, "Foster Electric")[1] "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim" ("Motion"), filed in the above-captioned case on May 27, 2021.[2] ECF No. 3. Foster Electric asks the Court to dismiss Plaintiff Ruben Contreras's ("Mr. Contreras") Original Petition ("Petition"), filed on April 27, 2021, in the 205th District Court, El Paso County, Texas. *See* Pet., ECF No. 1-1. Foster Electric removed the case to federal court on May 27, 2021. Not. Removal, ECF No. 1. Mr. Contreras subsequently filed a Response, ECF No. 6, and Foster Electric a Reply, ECF No. 7.

Mr. Contreras alleges that he sustained injuries after he slipped and fell on ice on a loading dock on Foster Electric's premises. Pet. 2–3, ECF No. 1-1. He alleges that Foster Electric is liable, under theories of negligence and premises liability, for damages exceeding a million dollars. *Id.* at 4. Mr. Contreras's allegations fail under either theory. He does not

---

[1] Mr. Contreras filed suit against Defendants Foster Electric (U.S.A.), Inc. and Foster Electric America. "Foster Electric America is an assumed name of Foster Electric (U.S.A.), Inc., and is not a separate entity from Foster Electric (U.S.A.), Inc." Not. Removal 1, ECF No. 1. Accordingly, the Court will refer to Defendants Foster Electric (U.S.A.), Inc. and Foster Electric America together simply as "Foster Electric."
[2] At the time the Motion was filed, Jose Rangel ("Mr. Rangel") was a party to the suit and thus joined the Motion to Dismiss. However, the Court found that Mr. Rangel was improperly joined and dismissed him from the suit. ECF No. 17. The Court therefore treats the Motion as relating solely to Foster Electric.

provide sufficient factual support for a claim of negligence. Additionally, a premises liability claim must fail because Texas state law does not allow property owners to be held liable for injuries caused by naturally accumulated ice and Mr. Contreras provides no factual support indicating that the ice was not naturally accumulated. Accordingly, the Court will grant Foster Electric's Motion. However, it will also give Mr. Contreras leave to amend his Petition.

## BACKGROUND

Mr. Contreras claims that "[o]n or about February 15, 2021," on Foster Electric's premises, he slipped on ice that Foster Electric "negligently left [] on [their] loading dock." Pet. 2, ECF No. 1-1. He brought suit against Foster Electric as the owner of the premises. Not. Removal 1, ECF No. 1. He asserts that Foster Electric should be held liable under Texas state laws of negligence and premises liability for the injuries he sustained as a result of the fall. *Id.* at 2–3.

As to his negligence claims, Mr. Contreras asserts that Foster Electric is "negligent in one or more" of nine listed acts or omissions, which he asserts were "a proximate cause of [his] injuries and damages." *Id.* at 3.

As to his premises liability claim, Mr. Contreras also asserts that he "suffered bodily injuries as a direct result of the fall proximately caused by a dangerous condition, which [Foster Electric] knew, or in the exercise of ordinary care, should have known existed" on their property. *Id.* He further alleges that "[Foster Electric], its agents, servants and employees negligently caused and/or negligently permitted such condition to exist and/or negligently failed to warn [Mr. Contreras] of the condition of the premises." *Id.* at 2–3.

Foster Electric argues that Mr. Contreras's allegations make out a premises liability claim and thus preclude a claim of negligence. Mot. 3–4, ECF No. 3. Foster Electric

further asserts that Mr. Contreras's premises liability claim fails because Mr. Contreras "must prove the existence of a condition on the premises that posed an 'unreasonable risk of harm'" and "naturally accumulated ice on a defendant's premises does not pose an unreasonable risk of harm to invitees." *Id.* at 4.

Mr. Contreras argues that he has provided sufficient factual support for both theories of liability against Foster Electric. *See* Resp. 4–7, 9–10, ECF No. 6. He also argues that the facts as pleaded "do not support application of the natural accumulation rule as a matter of law" because his Petition does not include any facts about the winter storm. *Id.* at 7. Finally, Mr. Contreras requests leave to amend if the Court determines that his claims against Foster Electric are "vulnerable to a Rule 12(b)(6)." *Id.* at 11.

In its Reply, Foster Electric reasserts its claim that Mr. Contreras's claim can only proceed as a premises liability claim. *See* Reply 1–5, ECF No. 7. Additionally, Foster Electric opposes Mr. Contreras's request for leave to amend. *Id.* at 5–6.

## LEGAL STANDARD

Foster Electric moves to dismiss Mr. Contreras's Petition under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Mot. 1, ECF No. 3.

"When sitting in diversity, federal courts apply the substantive state law of the state in which the district court sits." *Boudreaux v. C J R Framing Inc.*, 744 F. App'x 208, 209 (5th Cir. 2018) (quoting *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). Thus, in conducting a Rule 12(b)(6) analysis while sitting in diversity, the Court will apply federal pleading standards to determine whether a party has stated a claim upon which relief can be granted under Texas state substantive law. *Id.*

"When faced with a Rule 12(b)(6) motion to dismiss . . . courts must . . . accept all

factual allegations in the complaint as true. We must also draw all reasonable inferences in the plaintiff's favor." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal citations omitted). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (internal quotations and citations omitted). Courts may take judicial notice of "facts known at once with certainty by all the reasonably intelligent people in the community without the need of resorting to any evidential data at all" and where "such facts as are so generally known or of such common notoriety within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute." *Weaver v. United States*, 298 F.2d 496, 498 (5th Cir. 1962). Further, "common sense [also] plays a role in the inquiry . . . [and] [w]here context provides one and only one answer, the absence of documentary . . . support does not require a court to ignore the obvious or accept the incredible." *Van Deelen v. Cain*, 628 Fed. App'x 891, 895 (5th Cir. 2015).

Rule 12(b)(6) permits dismissal if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8(a)"), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009) (citing Fed. R. Civ. P. 8(a)(2)). "[A] complaint may simultaneously satisfy Rule 8's technical requirements but fail to state a claim under Rule 12(b)(6)." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citing *Bank of Abbeville & Tr. Co. v. Commonwealth Land Title Ins. Co.*, 201 Fed. App'x. 988, 990 (5th Cir. 2006)

(unpublished)). "'Rule 8(a)(2) specifies the conditions of the *formal* adequacy of a pleading,' but '[i]t does not specify the conditions of its *substantive* adequacy, that is, its legal merit.'" *Id.* at 385–86 (quoting *Bank of Abbeville*, 201 Fed. App'x. at 990). Dismissal under 12(b)(6) is thus proper when "the plaintiff would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the complaint's allegations." *Id.* at 386 (quoting *Bank of Abbeville*, 201 Fed. App'x. at 990) (internal quotations omitted). In such a situation, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (citing 5 Wright & Miller § 1216, at 233–234) (internal quotations and alterations omitted).

A complaint that meets the legal requirements of Rule 8 must also contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This "demands more than an unadorned . . . accusation." *Iqbal*, 556 U.S. at 678. A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557) (internal quotations and alterations omitted). A complaint must allege sufficient facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Mr. Contreras raises claims against Foster Electric for injuries he sustained after slipping on ice on Foster Electric's premises. Pet. 4, ECF No. 1-1. He claims damages in

5

excess of one million dollars. *Id.* He raises the claims under Texas state law theories of negligence and premises liability. *Id.* at 2–3.

The Court will first examine the negligence claim and then the premises liability claim. The Court will then address whether Mr. Contreras should be given leave to amend his Petition.

Mr. Contreras's negligence claim against Foster Electric fails because Mr. Contreras does not assert an affirmative, negligent activity. Mr. Contreras's premises liability claim fails because the pleadings and judicial notice suggest that the ice on the loading dock was naturally accumulated. Mr. Contreras does not provide a factual basis for a plausible inference that Foster Electric caused the ice to be on the loading dock. Thus, Texas's natural accumulation rule precludes the claim.

Though it will grant the Motion to Dismiss, the Court will grant Mr. Contreras leave to amend his Petition.

### 1. The Court Will Dismiss Mr. Contreras's General Negligence Claims Because Texas Law Precludes General Negligence Claims Where the Injury is Caused by a Property's Condition Rather Than an Activity.

Because Mr. Contreras's claims are based on the Defendant's alleged inaction—rather than *action*—they can only be construed as claims for premises liability.

Mr. Contreras alleges that "[o]n or about February 15, 2021" he fell and sustained injuries on Foster Electric's property due to "ice on the loading dock that had not been cleared" or warned against. Pet. 2, ECF No. 1-1. He bases his negligence claim on a long list of negligent acts and omissions including "failing to inspect the premises," "failing to correct the unreasonable risk of harm," "failing to warn," "failing to supervise employees," "failing to clear ice on the loading dock," and "other acts of negligence." *Id.* at 3. He asserts that these

negligent acts, considered separately or together, were the proximate cause of his injuries. *Id.* With the possible exception of "other acts of negligence," his laundry list of claims includes only omissions. *See id.*

The key difference between a negligence claim and a premises liability[3] claim is action versus inaction. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (stating "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe."). Under Texas state law, "[w]hen the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). However, "[w]hen the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Id.*; *see also Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196-97 (5th Cir. 2014).[4]

If a plaintiff does not assert an affirmative, negligent activity against the defendant, then the claim will be construed as a premises liability claim, not a negligence claim. Two courts in the Western District of Texas have recently held that where a plaintiff is injured by a condition rather than an activity, Texas state law limits a plaintiff "to a single cause of action for premises liability." *Morales v. Compass Grp. USA, Inc.*, No. EP-19-CV-274-PRM, 2020 WL 1862141, at *3 (W.D. Tex. Apr. 14, 2020); *see Minjarez*, 363 F. Supp. 3d at 773

---

[3] "Premises liability is a 'nonfeasance theory based on the owner's failure to take measures to make the property safe.'" *Minjarez v. Wal-Mart Stores, Texas, LLC*, 363 F. Supp. 3d 763, 772 (W.D. Tex. 2019) (citing *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014)).

[4] For an illustrative example of a condition versus an activity, see *Austin v. Kroger Tex. L.P.* stating that "Austin's 'injuries are properly conceived as resulting from a condition on the premises rather than an ongoing activity.' As in *Keetch*, Austin slipped on an oily substance on the floor; while he 'may have been injured by a condition created by the [condenser unit] spraying,' the 'spraying itself' was not the source of his injury." 746 F.3d 191, 196–97 (5th Cir. 2014) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)).

7

(holding that "a plaintiff must proceed under a theory of premises liability where his or her claim concerns the condition of the premises rather than contemporaneous negligent acts.").

A "case arising under a theory of premises liability cannot support [a] plaintiff's recovery under a theory of general negligence." *Minjarez*, 363 F. Supp. 3d at 773. However, where a "[p]laintiff alleges negligent, affirmative activity" in addition to premises liability, the "negligent activity may be analyzed in tandem with premises liability." *Reyes v. Dollar Tree Stores, Inc.*, 221 F. Supp. 3d 817, 824 (W.D. Tex. 2016).

In *Morales*, the plaintiff slipped on a recently mopped floor where the defendant had failed to put up wet floor signs. 2020 WL 1862141, at *1. The plaintiff asserted claims of negligence and premises liability, but only provided facts of a "routine slip and fall." *Id.* at *3. The court stated that the wet floor "was a condition created by [the] [d]efendant's activity of mopping," which limited the plaintiff to the theory of premises liability. *Id.* Thus, the court found that the plaintiff could not recover under a negligence theory. *Id.*

In *Minjarez*, the plaintiff slipped on a loose grape in front of the grape display in Wal-Mart. 363 F. Supp. 3d at 766. Again, the plaintiff asserted claims of negligence and premises liability. *Id.* at 766–67. The court found that the plaintiff's claims rested "solely on a condition of the premises" and that the "failure to clean the floors or use preventative measures . . . [was] not analogous to 'affirmative, contemporaneous conduct.'" *Id.* Thus, the court found that Texas state law precluded the concurrent negligence claim. *Id.*

The court in *Reyes*, on the other hand, did not restrict the plaintiff to a single theory of premises liability. 221 F. Supp. 3d at 824. In *Reyes*, a fleeing shoplifter "pushed . . . and knocked [the plaintiff] to the ground." *Id.* at 821. The plaintiff provided evidence that a "violation of Store policy arising from, and in combination with, a lack of training on the policy

8

could have made injury . . . reasonably foreseeable." *Id.* at 824. Thus, the court allowed the negligent activity claim to proceed. *Id.* However, the court made clear that "a failure to act with regard to physically unsafe property does not support a negligent activity claim." *Id.*

Like the plaintiffs in *Morales* and *Minjarez*, Mr. Contreras brings his claims under theories of negligence and premises liability, but does not show that Foster Electric's actions caused his injury. Pet. 2–3, ECF No. 1-1. Mr. Contreras does not assert Foster Electric took any affirmative action that would support a negligence claim. *See id.* In fact, Mr. Contreras does not assert how the ice came to be on the loading dock at all. *See id.*; *see also* Resp., ECF No. 6. Mr. Contreras asserts he slipped due to ice, not due to a third-party's actions. Pet. 2–3, ECF No. 1-1. Failure to remove ice, like "failure to clean the floors or use preventative measures," is not "affirmative, contemporaneous conduct." *Minjarez*, 363 F. Supp. 3d at 773. Similarly, a failure to warn of the slippery ice, like a failure to place wet floor signs on a recently mopped floor, does not rise to the level of negligence. *See Morales*, 2020 WL 1862141, at *3. Because Mr. Contreras asserts only that Foster Electric failed to act regarding an unsafe condition, his cannot proceed with a negligence claim. *See Reyes*, 221 F. Supp. 3d at 824.

Since Mr. Contreras asserts that his injury was caused by a condition rather than by the Defendant's actions, his negligence claim is precluded under Texas state law, and it should be dismissed. Mr. Contreras's inclusion of "other acts of negligence" in his list of allegations does not change the Court's conclusion. Such a conclusory statement is not entitled to any presumption of truth. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."); *Williams-Boldware*, 741 F.3d at 644.

### 2. The Court Will Dismiss Mr. Contreras's Premises Liability Claim Because, Under Texas State Law, Naturally Occurring Ice is Not an Unreasonably Dangerous Condition for the Purpose of a Premises Liability Claim.

Mr. Contreras asserts that he "suffered bodily injuries as a direct result of the fall proximately caused by a dangerous condition" on Foster Electric's premises. Pet. 2, ECF No. 1-1. He alleges that Foster Electric "negligently caused and/or negligently permitted such condition to exist and/or negligently failed to warn" even though it knew or should have known of the dangerous condition. *Id.* at 2–3. Foster Electric argues that in order to prevail on a premises liability claim, a plaintiff must assert that a condition "posed an unreasonable risk of harm" and that under Texas state law, naturally accumulated ice "does not pose an unreasonable risk of harm to invitees." Mot. 4, ECF No. 3.

Importantly, Mr. Contreras does not assert that Foster Electric caused the icy condition. *See* Pet. 2, ECF No. 1-1. Mr. Contreras argues that the absence of information in his Petition regarding a winter storm should limit the facts the Court can consider in evaluating the naturally accumulated ice. Resp. 7, ECF No. 6.

However, the Court may take judicial notice of facts "so generally known or of such common notoriety within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute." *Weaver*, 298 F.2d at 498; *see also Ball v. LeBlanc*, 792 F.3d 584, 591 (5th Cir. 2015) (taking judicial notice through an article from the National Weather Service's website). It is common knowledge that at the time of Mr. Contreras's fall, a winter storm had hit El Paso, Texas, causing snow and icy conditions. *See* Daniel Borunda, *Valentine's Day Snow Covers El Paso as Winter Storm Hits Borderland Region*, El Paso Times (Feb. 14, 2021), https://www.elpasotimes.com/story/news/local/2021/02/14/ valentines-day-2021-snow-

10

covers-el-paso-borderland-region/4481629001/; Pet. 2, ECF No. 1-1. Thus, the Court may and does take judicial notice of the winter storm that occurred just prior to Mr. Contreras's fall.

Under Texas state law, ice accumulating as a result of a winter storm does not pose an unreasonable risk of harm as a matter of law. *Scott and White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 414, 419 (Tex. 2010). In *Scott and White Memorial Hospital*, the plaintiff slipped on an icy road separating a hospital and its parking lot the morning after a winter storm. *Id.* at 412. The plaintiff did not provide "any controverting evidence (or even suggest) that the ice resulted from something other than the winter storm." *Id.* at 415. The court implied that naturally occurring ice "is beyond a premises owner's control" and that accidents are likely to occur "regardless of precautions taken by landowners." *Id.* at 413. The court further explained that "invitees 'are at least as aware as landowners of the existence of [ice] that has accumulated naturally outdoors and will often be in a better position to take immediate precautions against injury.'" *Id.* at 414 (quoting *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 676 (Tex. 2004)). Thus, because naturally occurring ice "results from precipitation beyond a premises owner's control" and because "invitees are often better positioned to avoid the dangers associated" with the conditions, naturally accumulated ice does not pose an unreasonable risk of harm. *Id.* at 413–414.

The Northern District of Texas recently applied this law to a situation similar to Mr. Contreras's. *See Weddington v. Ace Parking Mgmt., Inc.*, No. 3:16-cv-00529-M, 2016 WL 4563414, (N.D. Tex. 2016). In *Weddington*, the plaintiff slipped in the defendant's parking lot. The court considered "potential exceptions to the 'natural accumulation' rule" and found that Texas state law "require[s] pleading additional hazards beyond the mere natural accumulation of ice." *Id.* at *2. For example, if the snow or ice was covering "a deep hole in a parking lot or

11

an eight-inch raised concrete bumper," then it might be considered an unreasonable risk of harm. *Id.* Where the danger "is one that is normally associated with ice," however, there is not an unreasonable risk of harm to invitees. *Id.*

Here, Mr. Contreras asks the Court to ignore the winter storm while also failing to provide an alternative explanation for the accumulation of ice. Mr. Contreras claims that "[n]one of the facts pled in Plaintiff's Petition indicated that the ice on which Plaintiff fell 'naturally accumulated.'" Resp. 7, ECF No. 6. Although Mr. Contreras asserts that the Court cannot consider facts provided outside of the petition, the Court may take judicial notice of generally known facts within the jurisdiction and can apply common sense. *Id.*; *see Iqbal*, 556 U.S. at 679; *Weaver*, 298 F.2d at 498. Mr. Contreras does not provide the Court with any reasonable alternative to the winter storm to consider as the cause of the icy conditions. *See* Pet., ECF No. 1-1. Without facts to the contrary, "[w]here context provides one and only one answer" a court is not required "to ignore the obvious or accept the incredible." *Van Deelen*, 628 Fed. App'x at 895. Thus, the Court concludes that the winter storm created the icy condition.

Under Texas state law, naturally accumulated ice due to a winter storm does not pose an unreasonable risk of harm. *Scott and White Mem'l Hosp.*, 310 S.W.3d at 414, 419 (Tex. 2010). Mr. Contreras does not provide "any controverting evidence (or even suggest) that the ice resulted from something other than the winter storm." *Scott and White Mem'l Hosp.*, 310 S.W.3d at 415. Nor does he "plead[] additional hazards beyond the mere natural accumulation of ice." *Weddington*, 2016 WL 4563414 at *2. The Court will follow the reasoning of the Texas Supreme Court and of the Northern District of Texas and conclude that

12

Mr. Contreras has failed to state a claim on which relief can be granted. *See id.*; *Scott and White Mem'l Hosp.*, 310 S.W.3d at 419; Fed. R. Civ. P. 12(b)(6).

Thus, the Court will dismiss Mr. Contreras's premises liability claim.

### 3. The Court Will Grant Mr. Contreras Leave to Amend His Complaint.

Mr. Contreras "requests the opportunity to re-plead [his] claim(s)" if his claims "are vulnerable to a Rule 12(b)(6) or equivalent motion to dismiss." Resp. 10–11, ECF No. 6. Foster Electric argues against granting leave for Mr. Contreras to replead because Mr. Contreras fails to explain how he would amend his complaint to cure deficiencies. Reply 6, ECF No. 7.

Mr. Contreras should be granted leave to amend his Petition in the interest of justice. Federal Rule of Civil Procedure 15(a)(2) ("Rule 15(a)") provides that a party may amend a pleading with the court's leave and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A grant or denial of a motion to amend pleadings is an exercise of discretion by the district court." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000). However, that discretion is limited because Rule 15(a) "evinces a bias in favor of granting leave to amend." *Petty v. Great W. Cas. Co.*, 783 F. App'x 414, 414 (5th Cir. 2019). "Unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Id.*

Mr. Contreras has not previously amended his Petition, and Foster Electric has not shown a substantial reason to deny the request. Although he did not provide information regarding how he would amend his petition to cure its deficiencies, the Court finds that it is in the interest of justice that Mr. Contreras be allowed an opportunity to amend his Petition.

Thus, the Court will grant Mr. Contreras's request for leave to amend his Petition.

13

## CONCLUSION

Mr. Contreras's claims of negligence and premises liability will be dismissed. Mr. Contreras's negligence claims fail because Mr. Contreras alleges inaction, which is only actionable under Texas state law under a premises liability theory. Mr. Contreras's premises liability claim fails because Texas state law does not allow recovery of damages for injuries caused by naturally accumulated ice. The Court will allow Mr. Contreras to amend his Petition, as Foster Electric has failed to establish a sufficient basis for denying him that opportunity.

Thus, having duly considered the record and all applicable law, this Court finds that the following orders should be entered.

**IT IS HEREBY ORDERED** that Foster Electric (U.S.A.), Inc. and Foster Electric America's "Motion to Dismiss," ECF No. 3, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Ruben Contreras's Original Petition is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FINALLY ORDERED** that Plaintiff Ruben Contreras is **GRANTED LEAVE TO AMEND** his Original Petition.

SIGNED this _10_th day of **January 2022**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE