IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RUBEN CONTRERAS,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | EP-21-CV-120-DB |
| FOSTER ELECTRIC (U.S.A.), INC. and<br>FOSTER ELECTRIC AMERICA,<br>    Defendants. | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER ON PLAINTIFF RUBEN CONTRERAS'S MOTION TO DISMISS WITHOUT PREJUDICE

On this day, the Court considered Plaintiff Ruben Contreras's ("Mr. Contreras") Motion for Dismissal Without Prejudice ("Motion"), filed in the above-captioned case on January 21, 2022. ECF No. 23. Defendants Foster Electric (U.S.A.), Inc. and Foster Electric America's (collectively, "Foster Electric")[1] filed a Response, objecting to dismissal without prejudice and advocating for dismissal with prejudice. ECF No. 24. Mr. Contreras subsequently filed a Reply, ECF No. 25.

### LEGAL STANDARD

Ruben Contreras moves to voluntarily dismiss his claims without prejudice under Federal Rule of Civil Procedure 41(a)(2) ("Rule 41(a)(2)"). Mot. 1, ECF No. 23.

Rule 41(a)(2) allows for the voluntary dismissal of an action "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Dismissal on motion under Rule 41(A)(2) is within the sound discretion of the court." *Diamond v. United States*, 267 F.2d 23 (5th Cir. 1959). "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with

---

[1] Mr. Contreras filed suit against Defendants Foster Electric (U.S.A.), Inc. and Foster Electric America. "Foster Electric America is an assumed name of Foster Electric (U.S.A.), Inc., and is not a separate entity from Foster Electric (U.S.A.), Inc." Not. Removal 1, ECF No. 1. Accordingly, the Court will refer to Defendants Foster Electric (U.S.A.), Inc. and Foster Electric America together simply as "Foster Electric."

court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). "Typical examples of . . . prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (2010).

But what do courts not recognize as prejudice? Notably, "the mere annoyance of second litigation on the same subject matter does not constitute plain legal prejudice." *Stallion Offshore Quarters, Inc. v. Blake International Rigs, LLC*, No: 4:17-CV-00356, 2018 WL 2335343, at *1 (S.D. Tex. Mar. 21, 2018) (citing *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974)). Furthermore, "the potential for forum shopping does not count as legal prejudice." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016). The "fact that a plaintiff may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice to justify denying a motion for voluntary dismissal." *Id.*

## ANALYSIS

The main dispute raised by the Motion is what does and what does not constitute legal prejudice. Mr. Contreras wishes to voluntarily dismiss his claims in this Court so that he can bring the claim in state court against Foster Electric and another defendant, Mr. Contreras's employer. Mot. 2, ECF No. 23. Foster Electric, on the other hand, wishes for the case to stay in federal court or for it to be dismissed with prejudice. Resp. 2, ECF No. 24. However, Foster Electric would not suffer legal prejudice under any of the three theories mentioned in its response: that it would lose of its preferred forum, that it has expended significant work, or that

the plaintiff is filing due to fear of an imminent adverse ruling. *Id.* at 2–3. Thus the Court will allow Mr. Contreras to voluntarily dismiss his claims.

"Defendant opposes Plaintiff's Motion on the grounds that losing the current federal forum would be prejudicial to Defendant." Resp. 2, ECF No. 24. However, the fact that Mr. Contreras may gain a tactical advantage by bringing the claim in state court does not amount to legal prejudice. *See Bechuck*, 814 F.3d at 299 ("the potential for forum shopping does not count as legal prejudice"). District courts in Texas have allowed plaintiffs to voluntarily dismiss their claims in federal court to bring the claims anew in state court. *See Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990) ("The fact that [Defendant] faces the prospect of a trial in state court is . . . insufficient to demonstrate legal prejudice.")

While losing the federal forum seems to be Foster Electric's main argument against dismissal, it also raises another argument. Foster Electric argues that "re-filing in state court . . . would essentially require Defendant to re-litigate the issues of law that have already been conclusively disposed of in this Court"—basically, that it will be prejudiced because it has expended significant resources by this stage in the proceedings. Resp. 3, ECF. No 24; *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d at 162. The Fifth Circuit stated in *Hartford* that a district court may refuse to grant voluntary dismissal "where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort [in the case]." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).

However, in that case, before the motion to voluntarily dismiss had been filed in the district court, "hearings were conducted on various issues, significant discovery was had, [the defendant] had already been granted summary judgment, and a jury trial had been set for the

3

remaining defendants." *Id.* at 361.   By contrast, in this case there have been no hearings and, to the Court's knowledge, no substantial discovery.   The Court did issue an Order Denying Mr. Contreras's Motion to Remand, ECF No. 17, and an Order Granting Foster Electric's Motion to Dismiss Without Prejudice, ECF No. 22.   However, those rulings related only to jurisdictional and pleading matters and were argued in the earliest stages of litigation.   Further, as noted by Mr. Contreras, the issues of law that were decided by the Motion to Dismiss were not "conclusively disposed of" by the Court, since the Court granted him leave to amend its pleadings.   Order Granting Mot. to Dismiss 13, ECF No. 22; Reply 3, ECF No. 25.

Lastly, Foster Electric suggests, albeit with little explanation, that legal prejudice may exist where a ruling adverse to the plaintiff is imminent.   Resp. 2, ECF No. 24.   It is true that legal prejudice may exist where a plaintiff seeks to dismiss a lawsuit to avoid an imminent adverse ruling.   *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d at 162. However, arguments about imminent adverse decisions are typically flawed in that the movant cannot show what a court will do in the future.   Instead, they are based in situations where, as here, "the movant suffered an adverse legal decision *prior* to moving for voluntary dismissal." *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 197 (5th Cir. 2019) (citing *Robles v. Atl. Sounding Co. Inc.*, 77 F. App'x 274, 275 (5th Cir. 2003)).   In such situations, courts do not find legal prejudice.   *Robles*, 77 F. App'x at 275.   Here too, decisions made by the Court prior to Foster Electric's motion for voluntary dismissal, while all adverse to Mr. Contreras, cannot show that any ruling adverse to Mr. Contreras is "imminent."   *See* Order Denying Mr. Contreras's Motion to Remand, ECF No. 17; Order Granting Mot. to Dismiss 13, ECF No. 22.   Thus, the Court finds no prejudice resulting from dismissal under this last of Foster Electric's theories.

## CONCLUSION

The Court finds that Foster Electric will not be prejudiced by the dismissal because Mr. Contreras did not seek dismissal "at a late stage of pretrial proceedings, or seek[] to avoid an imminent adverse ruling." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d at 162. Additionally, the fact that Foster Electric will lose its preferred choice of forum does not amount to legal prejudice. *See Bechuck*, 814 F.3d at 299. Thus, Mr. Contreras's claims will be dismissed under Federal Rule of Civil Procedure 41(a)(2). Accordingly, the following orders will be entered.

**IT IS HEREBY ORDERED** that Ruben Contreras's "Motion for Dismissal Without Prejudice," ECF No. 23, is **GRANTED**.

IT IS **FURTHER ORDERED** that Plaintiff Ruben Contreras's Original Petition, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

SIGNED this 15th day of **February 2022.**

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE